ARTHUR J. CONNELLY, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, it appeared that about seven A. M. of March 12, 1888, during a snow storm of extraordinary severity, known as the "blizzard," plaintiff entered a car on one of defendant's trains standing at a station. The track was blocked by other trains ahead which were stopped by the snow that clogged the tracks. Another train ran into that in which plaintiff was, causing the injury complained of. Prior to that time the storm had apparently abated; no accidents had, as far as was shown, occurred, and up to about that time the street surface roads had continued running their cars. The storm commenced again soon after and all traffic was discontinued. The weather forecasts of the day before gave no indication that such a storm was to be expected. It had stopped snowing about five A. M., and defendant's cars were crowded with passengers. Plaintiff claimed that the entire operation of the road should have been suspended. Defendant's counsel requested the court to charge that "the evidence did not justify a finding that defendant should not have operated its railway at all at the hour when the accident occurred." This court refused, and submitted it to the jury to determine as to "whether the evidence does establish negligence on the part of defendant to operate at the time and at the hour specified." *Held*, error; that it was defendant's duty under its charter to continue to run its trains if practicable; and that the evidence did not authorize an imputation of negligence for not earlier suspending traffic.

*Connelly* v. *Man. R'way Co.* (68 Hun, 456), reversed.

(Argued April 27, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made April 14, 1893, which modified and affirmed as modified

a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward B. Thomas* for appellant. The court erred in its conception and application of the law governing the defendant's liability. (*Smith* v. *N. Y. C. R. R. Co.*, 24 N. Y. 222; *Bowen* v. *N. Y. C. R. R. Co.*, 18 id. 408; *Cleveland* v. *N. J. S. Co.*, 68 id. 311, 313; *Dougan* v. *C., etc., Co.*, 56 id. 1, 7, 8; *Crocheron* v. *N. S., etc., F. Co.*, Id. 656; *Laflin* v. *B., etc., R. Co.*, 106 id. 135; *Seybolt* v. *N. Y., L. E. & W. R. Co.*, 95 N. Y. 562; *Searles* v. *M. R. Co.*, 101 id. 661; *Dobbins* v. *Brown*, 119 id. 188; *Warren* v. *F. R. Co.*, 8 Allen, 227; *Ryan* v. *M. R. Co.*, 121 N. Y. 126; *Foster* v. *People*, 50 id. 598; *Seymour* v. *Fellows*, 77 id. 178; *Burdick* v. *Freeman*, 120 id. 424.) The court erred in refusing to charge as requested concerning the effect of the evidence of the experts. (*Gardinier* v. *N. Y. C. & H. R. R. R. Co.*, 103 N. Y. 674.)

*Jacob Fromme* for respondent. The court was right in not dismissing the plaintiff's complaint. (*Webster* v. *R. R. Co.*, 115 N. Y. 112; *Brien* v. *R. R. Co.*, 109 id. 297, 300; *Seyboll* v. *R. R. Co.*, 95 id. 562, 568; *Caldwell* v. *Steamboat Co.*, 47 id. 291; *Edgerton* v. *R. R. Co.*, 39 id. 230; *Christie* v. *Griggs*, 2 Campb. 79; *Stokes* v. *Salstonstall*, 13 Pet. 181, 191, 194; *Carpue* v. *R. R. Co.*, L. R. [5 Q. B.] 747, 751; *Lanig* v. *Barr*, 8 Barr, 479, 482, 483.) Not alone did the plaintiff, by direct proof, show that the defendant was negligent, but he showed by defendant's own rules that it suggested in over twenty-three different ways how a person, using care, forethought and prudence, could have avoided the accident. (*Connelly* v. *M. R. Co.*, 60 Hun, 495; *Dlabola* v. *M. R. Co.*, 15 Daly, 470.) In the court below the defendant made no point nor did it claim that they had any ground of complaint of the rulings of the learned trial court in the admission or

exclusion of evidence. Not having done so, it waived its right to any exception that it took in that behalf. (*Parker* v. *Steamboat Co.*, 109 Mass. 449; *Connelly* v. *M. R. Co.*, 60 Hun, 501, 503; *Higbee* v. *L. Ins. Co.*, 66 Barb. 462, 468; 53 N. Y. 603; *Brown* v. *N. Y. C. R. R. Co.*, 32 id. 603; 1 Greenl. on Ev. § 102; 1 Phil. on Ev. [5th Am. ed.] 147–150; *Barber* v. *Merriam*, 11 Allen, 322; *Roosa* v. *B. L. Co.*, 132 Mass. 439; *Matterson* v. *R. R. Co.*, 35 N. Y. 491; *Commonwealth* v. *Dorsey*, 103 Mass. 419, 420.) There was no error committed by the court in its charge or in its refusal to charge, or in the making of any qualifications to any of the requests to charge, that calls for a reversal of this judgment. (*Hickenbottom* v. *R. R. Co.*, 122 N. Y. 91, 99–102; *Clover* v. *G. Ins. Co.*, 101 id. 277; *Losee* v. *Buchanan*, 51 id. 491–493; *Caldwell* v. *Steamboat Co.*, 47 id. 282, 288, 289; *Sperry* v. *Miller*, 16 id. 407, 412; *Austin* v. *N. J. S. Co.*, 43 id. 75.)

ANDREWS, Ch. J. This action was brought to recover for personal injuries sustained by the plaintiff in the city of New York while a passenger on the defendant's railway, at about seven o'clock on the morning of March 12th, 1888, the day of the so-called "blizzard." The plaintiff entered the down-town train at 76th street, which was filled with passengers, and finding no vacant seat stood in the passageway. The track was blocked by the trains ahead, which could not get up the grade commencing at 76th street on account of the snow which clogged the rails and the spaces on each side. About twenty minutes after the plaintiff entered the car a train in the rear which had started from Harlem, drawn by two engines and having several cars crowded with passengers, ran into the train in which the plaintiff was, causing the injury of which he complains. It was claimed on the trial that the collision was caused by the negligence of the defendant (1) in not discharging the passengers on the train in which the plaintiff was when it was found that it could not proceed as required by the rules of the company; (2) in starting the colliding train from the 84th street station with directions to "skip the

76th street station," when it was known to the agents of the company, or ought to have been known to them, that the road was blocked at 76th street; (3) in running the train at a dangerous rate of speed from 84th street to the point of collision. The storm known as the "blizzard" was unprecedented in its character and severity. The weather forecasts published the day before gave no indication that such a storm was to be expected. It rained on the 11th, and about midnight the storm changed to snow, accompanied by a very high wind. The snow continued until about 5 o'clock of the morning of the 12th, when it stopped snowing for some hours. It then commenced to snow again, and continued snowing during the rest of that day and until the afternoon of the 13th. The traffic on the street railways was suspended from about 7 o'clock on the morning of the 12th and business in the city was to a great extent discontinued. The court left the question of negligence to the jury, and we think this was a proper disposition of the question.

But the court, we think, erred in refusing to charge a proposition requested to be charged by the counsel for the defendant and in the instructions following the request, to which refusal to charge and to the charge as made the defendant's counsel excepted. The defendant's counsel requested the court to charge " that the evidence does not justify a finding that the defendant should not have operated its railway at all at the hour when the accident occurred." The court said : " I do not express any opinion on the evidence ; it is before you. It is for you to say whether the evidence does establish negligence on the part of the defendant to operate at the time and at the hour specified." By this charge it was left to the jury to determine whether the situation was such as to require the defendant, in the exercise of due care, to have wholly suspended its efforts to move its trains at and before the time of the collision. There was, we think, no evidence to justify the submission of this question to the jury. The storm had apparently abated. The trains of the defendant were crowded with passengers seeking passage to the lower part of the city. It

was the duty of the defendant, under its charter, to operate its trains if practicable, for the convenience of the public. No accidents had, so far as appears, occurred on that day prior to the accident in question, and the road had continued its efforts to move its trains. Up to about the time of the accident the street surface roads had continued their traffic, and they naturally would be more likely to be impeded by the snow than the elevated roads. The forecasts of the weather were, as has been said, favorable. The jury were permitted to find that the defendant should, in the exercise of due prudence, have wholly suspended its operations before the time the accident happened, although the public were clamoring for transportation and crowding its cars for passage. We do not think that upon the evidence there is any warrant for imputing negligence for not earlier suspending traffic on its road. The main charge on this point it is said referred only to the question of negligence in running the colliding train from 84th street station, with directions to "skip 76th street," when the road was blocked at that point. But the request to charge and the instructions given thereon indicate that a broader contention was made on the trial, viz., that the entire operation of the road should have been suspended, and that negligence could be predicated upon the fact that the company undertook to continue the operation of its road.

For the error in the refusal to charge the proposition referred to, and in the charge made in response thereto, the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.